SAUNDERS, J.,
dissents and assigns written reasons.
|Jn this relocation and custody matter, the majority has concluded firstly that the trial court committed legal error in its analysis of the case and that the matter should be reviewed on a de novo basis, and secondly, on de novo review, that it is in the best interest of the child that Mr. Cass be allowed to relocate David and to be reinstated as domiciliary parent. I respectfully disagree.
In finding that the trial court committed legal error, the majority opinion references the case of Leger v. Leger, 03-419 (La.App. 3 Cir. 7/2/03), 854 So.2d 955, to stand for the principle that although the trial court is not required to specifically list each of the enumerated factors of La. R.S. 9:355.12, there must be support in the *228 record suggesting that each of the factors were considered. This court, in Leger, addressed a relocation case where the trial court stood firmly against relocation of the children — stating that, “[t]his court is unwilling to put the children in ANY RISK associated with a move....” Leger, 854 So.2d at 956-957. This court found that the trial court was imposing too high a burden on the mother seeking relocation and stated that no relocation would be acceptable under such an elevated standard.
I find the present matter to be distinguishable from Leger. There is nothing to indicate that the trial court in this matter was so firmly entrenched in its stance 12against relocation as to be applying a heavier burden on Mr. Cass than is required by law. Although the trial court did not list each of the factors to be considered, it did provide numerous reasons justifying its decision — in particular, its finding that Ms. Cass would provide a more stable environment for David because of her structured work schedule and the fact that she would not need to rely on daycare.
It is my opinion that this case more closely mirrors this court’s decision in Miller v. Miller, 01-356, (La.App. 3 Cir. 10/31/01), 799 So.2d 753, where the court found that the trial court had not committed legal error in choosing to only emphasize three of the listed factors in its reasons for judgment. In the present case, the trial court, in its reasons for judgment, addressed at least five of the La.R.S. 9:355.12 factors — particularly factors one (The nature, quality, extent of involvement, and duration of the child’s relationship with the parent proposing to relocate and with the nonrelocating parent, siblings, and other significant persons in the child’s life) and six (Whether the relocation of the child will enhance the general quality of life for both the custodial parent seeking the relocation and the child, including but not limited to financial or emotional benefit or educational opportunity).
Regarding factor one, the trial court noted that David loves both parents and wants to spend time with both parents. It also noted that Mr. Cass has been active in the David’s life and his education, and it expressed concern that Ms. Cass was occasionally more of a “buddy” than a parent.
Regarding factor six, the trial court expressed great concern with the amount of time David would have to spend in childcare if Mr. Cass was allowed to relocate, and it noted that Ms. Cass would not need to rely on daycare. |8 Furthermore, the trial court expressed its dissatisfaction with the amount of information provided by Mr. Cass on what his work schedule would be and on the school David would attend. The trial court also took into consideration the fact that Ms. Cass has been living in the same home for the past two years.
Outside of these two factors, the trial court also commented that David did not want to choose which parent he wanted to live with (Factor 4). It also addressed the problem of both parents attempting to depict the other as a bad parent (Factor 5). Finally, the trial court, in great detail, discussed visitation arrangements and how each party would bear the costs of David’s travel back and forth (Factor 3).
For these reasons, I disagree with the majority opinion that the trial court committed legal error in failing to consider the factors set out in La.R.S. 9:355.12.
However, even if legal error had occurred on the part of the trial court, I find that a de novo review of the record would still support a denial of Mr. Cass’s request for relocation. In addition to the studied reasons laid out by the trial court, I find *229 great significance in David’s close relationship with his half-sister and also with the pattern of violent behavior exhibited by Mr. Cass in the past.
A strong sibling relationship is an incredibly important bond, the impact of which is impossible to measure. The potential for severing that relationship should not be taken lightly. The record indicates that David and Jessie have the type of sibling bond that should not be disturbed without compelling reasons.
Furthermore, as important as the relationship between David and his sister seems to be, perhaps an even more compelling consideration for denying the relocation request is Mr. Cass’s history with anger/violence, most notably his |4extreme method of disciplining Jessie, his elevated MMPI results, and his history with domestic assault. I fail to see how being brought up in such an environment can be interpreted as being in David’s best interests.
For these reasons, I respectfully dissent from the majority opinion.